IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM A. PARKER,

    Plaintiff,                      No. CIV S-09-1058 MCE DAD PS

    v.

NATOMAS UNIFIED SCHOOL
DISTRICT, et al.,

    Defendants.          FINDINGS AND RECOMMENDATIONS
_____/

        This case came before the court on October 30, 2009, for hearing of defendant's motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Attorney Lynn Garcia appeared for the moving party. Plaintiff, proceeding pro se, appeared on his own behalf. Oral argument was heard, and the motion was taken under submission.

        Upon consideration of all written materials filed in connection with defendant's motion to dismiss and the entire file, the undersigned recommends that the motion be granted and this action be dismissed with prejudice.

BACKGROUND

        Plaintiff filed his complaint in this court on April 17, 2009. (Doc. No. 1.) The court granted plaintiff's motion to proceed in forma pauperis and directed plaintiff to provide documents to the United States Marshal for service of process. (Doc. No. 3.) In due course,

1  service was effected on all defendants.  On September 22, 2009, defendants filed a motion to
2  dismiss.  (Doc. No. 12.)  On October 1, 2009, plaintiff filed multiple documents in opposition to
3  the motion to dismiss.  (Doc. Nos. 17-19.)  Defendants filed a reply on October 20, 2009.  (Doc.
4  No. 16.)  On October 27, 2009, plaintiff filed a motion for entry of an order of default against
5  defendants (Doc. No. 20), which was denied at the October 30, 2009, hearing.  (Doc. No. 21.)

6                              PLAINTIFF'S CLAIMS

7           In his complaint plaintiff alleges as follows.  On August 8, 2007, he was hired by
8  the defendant Natomas Unified School District to teach drama at Inderkum High School.
9  (Complaint (Compl.) at 3 of 31.)  Plaintiff is an African-American male and was hired by then
10 Inderkum Principal Ben Flores in hopes that plaintiff's teachings would appeal to the school's
11 large African-American, Latino and Asian-American student populations.  (Id. at 3-4.)

12          In September of 2007, Mr. Flores left Inderkum High School and defendant Leslie
13 Sargent was named as the interim Principal.  (Id. at 4.)  Upon assuming her duties, Ms. Sargent
14 requested that plaintiff "turn away from his culturally inclusive effort and produce 'traditional
15 plays.'"  (Id. at 4.)  After plaintiff refused to comply with Sargent's request, a policy was
16 implemented requiring plaintiff to submit his proposed plays for review by the department chairs
17 and the school's administration.  (Id. at 4-5.)  This new policy was unique to plaintiff, the
18 district's "first, Black, male drama teacher," and "was not placed on White drama teachers."  (Id.
19 at 5.)

20          On February 15, 2008, plaintiff filed a grievance against Ms. Sargent and
21 defendant Vice Principal Gregg Ellis.  (Id. at 6.)  The same day plaintiff was given notice of a
22 "Recommendation for Non-reelection."  (Id.)  On April 1, 2008, plaintiff filed a complaint with
23 the California Department of Fair Employment and Housing.  (Id.)  On April 8, 2008, he "was
24 escorted to the front office" by Mr. Ellis and defendant Assistant Superintendent Ken
25 Whittemore.  (Id.)  Plaintiff was not allowed to return to work.  "Consequently, a lessor qualified,
26 White teacher was brought in to direct 'traditional plays' . . . featuring all White character roles,"

1   including a play written by a "White female in 1916." (Id.)

2   Plaintiff alleges that the defendants' conduct constituted racial discrimination and
3   retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.
4   Plaintiff also alleges a tort claim for the intentional infliction of emotional distress.

5   LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION TO DISMISS

6   The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
7   sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
8   1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
9   sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901
10  F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to
11  relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus,
12  a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the
13  plaintiff's claims, even if the plaintiff's allegations are true.

14  In determining whether a complaint states a claim on which relief may be granted,
15  the court accepts as true the allegations in the complaint and construes the allegations in the light
16  most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.
17  United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less
18  stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519,
19  520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the
20  form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The
21  court is permitted to consider material which is properly submitted as part of the complaint,
22  documents not physically attached to the complaint if their authenticity is not contested and the
23  plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los
24  Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

25  /////
26  /////

ANALYSIS

Defendant seeks dismissal of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that: (1) plaintiff's claims have already been adjudicated in the Sacramento County Superior Court, Case No. 34-2008-0001605-1-CU-CR-GDS, and are therefore barred by the doctrine of res judicata; (2) plaintiff's claims of racial discrimination and retaliation are barred by the Eleventh Amendment; (3) plaintiff has failed to allege facts which would support a claim for relief; (4) plaintiff failed to allege either a timely filling of a discrimination charge with the EEOC or a timely filing of a suit thereafter; and (5) plaintiff has failed to allege timely compliance with the California Government Tort Claims Act with respect to his claim for the intentional infliction of emotional distress.

With respect to the doctrine of res judicata, defendants' have submitted copies of documents filed in the Sacramento County Superior Court in case No. 34-2008-0001605-1-CU-CR-GDS.  (Doc. No. 12, Exhibits A and B.)  Defendants argue these documents clearly establish that plaintiff previously brought these same claims against these same defendants in a state court action. This court will take judicial notice of these state court records pursuant to Federal Rule of Evidence 201.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings).

Federal courts "are required to give state court judgments the preclusive effect they would be given by another court of that state." Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 84 (1984)).  Under California law, res judicata or claim preclusion bars a second lawsuit between the same parties on the same cause of action. People v. Barragan, 32 Cal.4th 236, 252 (2004).  Collateral estoppel, or issue preclusion, bars the relitigation of issues that were actually litigated and determined in the first action. Id. at 252-53.  The elements for applying either claim preclusion

1  or issue preclusion to a second action are the same: "(1) A claim or issue raised in the present
2  action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding
3  resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being
4  asserted was a party or in privity with a party to the prior proceeding." Id. at 253 (internal
5  quotations omitted).

6        Moreover, California law also provides that a final judgment of a state court
7  "precludes further proceedings if they are based on the same cause of action." Maldonado v.
8  Harris, 370 F.3d 945, 952 (9th Cir. 2004). Unlike the federal courts, which apply a
9  "transactional nucleus of facts" test, "California courts employ the 'primary rights' theory to
10 determine what constitutes the same cause of action for claim preclusion purposes." Id. Under
11 this theory, "a cause of action is (1) a primary right possessed by the plaintiff, (2) a
12 corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant
13 which consists in a breach of such primary right and duty." City of Martinez v. Texaco Trading
14 & Transp., Inc., 353 F.3d 758, 762 (9th Cir. 2003) (citing Citizens for Open Access to Sand &
15 Tide, Inc. v. Seadrift Ass'n, 60 Cal. App.4th 1053, 1065 (1998)). "[I]f two actions involve the
16 same injury to the plaintiff and the same wrong by the defendant, then the same primary right is
17 at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks
18 different forms of relief and/or adds new facts supporting recovery." Eichman v. Fotomat Corp.,
19 147 Cal. App.3d 1170, 1174 (1983). So long as the same primary right is involved in the two
20 actions, judgment in the first bars subsequent consideration of all matters that were raised or
21 could have been raised in the first action. Id. at 1175.

22       Here, in his amended complaint filed in the Sacramento County Superior Court on
23 November 13, 2008, plaintiff alleged claims of racial discrimination and wrongful termination
24 /////
25 /////
26 /////

1   against four of the five defendants named in this federal action.[1]  Plaintiff specifically alleged in
2   that amended complaint violations of Title VII based on racial discrimination and a claim for the
3   intentional infliction of emotional distress.  He also asserted that his complaint was filed as a
4   result of the defendants' discriminatory conduct against him and that the alleged discriminatory
5   conduct was due to plaintiff's race and his complaints about the defendants' unlawful
6   discrimination.

7              Moreover, the facts alleged in that state court action are the same as those alleged
8   in the complaint pending before this court.  Plaintiff recounted in his state court action how he
9   was hired by then principal Ben Flores to teach drama, how Flores was succeeded by Sargent,
10  how he and Sargent clashed over plaintiff's choice of plays, how plaintiff's choice of plays
11  became subject to review by the school administration, and how plaintiff was given notice of
12  "non-reelection" on the same day he filed a grievance.

13             Thus, the "causes of action" in this federal action are the same as those asserted by
14  plaintiff in his prior state court action.  The two actions involve the same alleged injury to
15  plaintiff and the same alleged wrongs by defendants.  Specifically, in both actions, plaintiff
16  alleged that defendants violated his rights by discriminating against him based on his race by
17  subjecting only his plays to review by the administration and by retaliating against him for
18  complaining about the alleged discrimination by terminating his employment.  The factual
19  allegations in both the state action and the present federal action involves the same alleged
20  misconduct by defendants, involves the same alleged actors, and occurs over the same alleged
21  period of time.

22             Moreover, plaintiff seeks substantially the same relief in both actions - a
23  declaratory judgment that the defendants violated his right to be free from discrimination in the
24  workplace, compensatory damages for past and future lost earning capacity, punitive damages,

---

[1] The only defendant named in this federal action not named in plaintiff's state court action is Assistant Superintendent Ken Whittemore.

exemplary damages and attorneys fees.  Thus, under California's primary rights theory, plaintiff's state and federal "causes of action" are the same.  It is also apparent that the issues raised in the present action are identical to the issues litigated in the prior state court proceeding and that plaintiff was a party to that proceeding.

The only issue left for the court to determine is whether the prior state court proceeding resulted in a final judgment on the merits.  Plaintiff's state court action was dismissed after the court sustained defendants' demurrer, and motion to strike portions of plaintiff's amended complaint, without leave to amend.  Under California law, "[a] judgment entered after a general demurrer has been sustained 'is a judgment on the merits to the extent that it adjudicates that the facts alleged do not constitute a cause of action, and will accordingly, be a bar to a subsequent action alleging the same facts.'"  Crowley v. Modern Faucet Mfg. Co., 44 Cal.2d 321, 323 (1955) (citing Keidatz v. Albany, 39 Cal.2d 826, 828 (1952)).

Plaintiff argues that the ruling by the state court was not a final judgment on the merits because plaintiff never "prepared or served a summons or copy of the complaint upon any named defendants," and therefore the state court "never had jurisdiction of the plaintiff's claim." (Mem. P&A's (Doc. No. 18) at 13 of 30.)  Plaintiff explains:

> Shortly after filing the action in State court, the plaintiff was advised that because of the many federal violations of the law, his action was better suited in federal court.  He had more than 30 days to consider before the 60 days allowed to serve on a defendant expired.  In an unprecedented effort to abrogate the plaintiff's consideration of filing in federal court, counsel for defense, with the support of the [state court judge], initiated litigation of the action, denying this plaintiff the right to present the facts before the court.  Sadly, the plaintiff's action was litigated without him ever even getting to meet [the state court judge] or [defense counsel] face to face ... American Justice.

(P's Response to Mem. P&A's (Doc. No. 19) at 3 of 4.)

/////

/////

/////

Plaintiff has submitted to this court a copy of his motion to set aside or vacate the state court judgment which he filed with the Sacramento County Superior Court on March 25, 2009.[2] (Doc. No. 27.) Plaintiff stated in that motion the following:

> Plaintiff filed a discrimination complaint against named defendants on July 15, 2008, in Superior Court, and, on that same day, visited the campus of Inderkum High School, his former place of employment. He still had personal items in his classroom that needed to be retrieved. He informed several co-workers that he had filed a complaint against the district in Superior Court. Vice Principal Heather King, who is not named in the complaint, was given a copy of the complaint to show that she was not named, along with others. The plaintiff gave her a copy and stated that he hoped for a favorable resolution before his sixty days to decide weather (sic) to sue and serve named defendants expired. Plaintiff believed that perhaps filing a complaint with the court could get everyone to the table to discuss a favorable resolution. Plaintiff also left a copy of the complaint with the receptionist at [the] District Office for Ken Whittemore-Assistant Superintendent. The plaintiff and he were communicating during much of the conflict. Again, plaintiff was hoping to begin some type of negotiation for settlement or corrective action before proceeding with the lawsuit. Again, summons was never prepared or given to any person. The law does not permit a party to an action to personally deliver a summons and complaint, California Code of Civil Procedure § 414.10.
>
> Plaintiff had until September 15, 2008, to serve a summons upon the defendants by law. On August 15, 2008, plaintiff received a letter from attorney James T. Anwyl, informing plaintiff that he would be representing defendants in the case. Mr. Anwyl writes, "Although it appears the lawsuit may not have been properly served upon defendants, we will not pursue that issue at this time."[3] Plaintiff responded on July 15, 2008, [] informing counsel that "a notice of service has not been filed with the court as of this date. However, it is my intention to file within the 60 day period . . ." To wit, counsel for defense, fraudulently, went on the attack, ignoring, CRC Rule-201.7(b) (Service of Complaint), regarding service of summons and complaint and began filing documents

---

[2] Plaintiff has also submitted a copy of the Sacramento County Superior Court's April 9, 2009, minute order dropping plaintiff's motion from calendar and stating, "This case has been dismissed and the Court has no jurisdiction." (Doc. No. 29.)

[3] Attached to plaintiff's motion to vacate, as "Exhibit A," is the letter from defense counsel to plaintiff. In that letter ounsel not only states that his firm would be representing defendants, but that the firm would be "filing a responsive pleading thirty days from July 17, 2008.) (Doc. No. 27 at 10.)

1            with the court on August 18, 200, violating plaintiff's "due
process" right to time, and, his statutory requirement to serve upon
2            the defendants.

3 (Id. at 3-4 of 17.)

4        Plaintiff is apparently attempting to dispute defendants' res judicata claim by arguing that the judgment of the state court was not a final judgment on the merits because it was entered in error. However, under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review alleged errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only in the United States Supreme Court). The doctrine applies to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "The purpose of the doctrine is to protect state judgments from collateral federal attack." Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001).

       Put another way, a federal district court is prohibited from exercising subject matter jurisdiction over a suit that is "a de facto appeal" from a state court judgment. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). A federal district court may not examine claims that are inextricably intertwined with state court decisions, "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir. 2003). See also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [plaintiff's] domestic case").

/////

Here, plaintiff's lawsuit in this court is a de facto appeal from the state court judgment. Plaintiff's claims are inextricably intertwined with the state court decision, even though plaintiff does not directly challenge the merits of that decision. The present case is nothing more than another attack on the California superior court's determination in plaintiff's suit brought against practically the identical defendants sued in this action. Accordingly, under the Rooker-Feldman doctrine, this court lacks jurisdiction to review any error in the state court decision alleged by plaintiff and his claims are therefore barred by the doctrine of res judicata.[4] Defendants' motion to dismiss should therefore be granted.

The undersigned has carefully considered whether there is any possibility that plaintiff may amend his complaint to state a cognizable claim that would not constitute a de facto appeal from the state court judgment at issue. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). Leave to amend would clearly be futile in this instance given the fundamental nature of plaintiff's complaint and the defects noted above. Accordingly, the undersigned will recommend that plaintiff's complaint be dismissed without leave to amend.

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Doc. No. 12 ) be granted; and

2. Plaintiff's complaint be dismissed with prejudice and this action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within

---

[4] Because plaintiff's claims are barred by the doctrine of res judicata, the court need not address the other grounds raised in support of defendants' motion to dismiss.

fourteen days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 7, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\parker1058.f&r.mots

11